UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT PRITSKER,<br>        Plaintiff,<br><br>        v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY,<br>        Defendant. | No. 3:15-cv-846 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

Robert Pritsker purchased a variable deferred annuity from American General Life Insurance Company ("AGL")[1] on January 26, 2008, and that would turn out to be very bad timing. He elected to invest $500,000 through the annuity in a hedge fund called the Strategic Stable Return Fund ("SSR"). He alleges that "the availability of SSR on the Platform is what led [him] to engage with AGL in the first place and ultimately enter into the Annuity," and that he otherwise would have invested in index funds (doc. # 28 at ¶ 11), which would have earned money. The SSR hedge fund, though, was a bad investment, and Pritsker elaborates on how bad it was and the early signs of its risks throughout his complaint and briefing—but in short, only months after his investment, in September 2008, SSR began to decline in value and declined every month thereafter. Pritsker received notices in September and November 2008 from the SSR Fund indicating that it would no longer redeem investors' shares (*id.* at ¶¶ 56–59).

In May 2012, on the basis of that investment, Pritsker made a FINRA arbitration complaint against American General Equity Services (a different American General entity than the defendant in the present case) and his broker/dealer and licensed agent on the transaction—

---

[1] At the time of the purchase, AGL was known as AIG Life Insurance Company.

Samuel Jacobs and Manor House Capital, LLC.[2] His claims were denied and that denial was confirmed early last year by a U.S. District Judge in the Southern District of New York. *See Manor House Capital, LLC v. Robert Pritsker*, 1:14-cv-7922 (S.D.N.Y. Jan. 15, 2015). A few months later, on April 30 of last year, Pritsker filed the present suit in state court complaining of the same investment against a new defendant; the complaint was removed here, and Pritsker filed an amended complaint on July 31 (doc. # 28).

AGL filed a motion to dismiss, arguing that the statute of limitations on all claims had run. I heard oral argument on that motion in November 2015 and, at the conclusion of argument, granted the motion from the bench. Pritsker's claims were all premised on the allegation that he was misled into (or wrongfully not dissuaded from) purchasing the annuity from AGL, and all of the purported wrongful conduct was attributable to, or took place in connection with, the annuity purchase. Pritsker purchased the annuity more than seven years prior to initiating this lawsuit. At the latest, his injury was realized in September 2008 when his SSR fund investment began losing value. All of his claims were therefore time-barred unless he could establish some exception to the limitations periods, so he argued in opposition to the motion to dismiss that the periods should be tolled because of fraudulent concealment or because of a continuing course of conduct. As explained at length on the record, those arguments were unpersuasive and I accordingly granted the motion to dismiss.

Pritsker thereafter terminated his representation by counsel and filed *pro se* the present motion for reconsideration of my ruling dismissing his case. In substance, his motion elaborates

---

[2] The investment was in a "nonregistered restricted security" limited to qualified investors, so Pritsker had Samuel Jacobs of Manor House Capital, a FINRA Member broker/dealer, as independent financial advisor for the transaction. Pritsker suggests in the present motion that Jacobs was not in fact acting as his advisor, but Jacobs's representation is included in Pritsker's annuity application (doc. # 33-1, at 25), which is incorporated as part of the contract.

upon and reargues the bases for tolling the statutes of limitations, which his former attorney has already competently (however unsuccessfully) argued. No matter how liberally construed, Pritsker's *pro se* motion does not add significantly to the arguments that were already made. It remains true, as I explained more elaborately on the record when I granted the motion to dismiss, that Pritsker became aware that his investment had lost value and become illiquid very soon after he purchased it; he in fact initiated litigation over that loss (against different defendants) within the relevant limitations periods. He has not alleged—and it appears he cannot plausibly allege—that he was harmed by any new conduct after he purchased the annuity and which would fall within the relevant limitations periods. His arguments instead rely on the defendant's alleged failures to act (or to disclose certain information) at times that would fall within the limitations periods, but Pritsker has not shown the defendant to have had any duty to act, nor that those alleged failures within the limitations periods contributed to his harm. And for reasons that I explained on the record when I granted the motion to dismiss, Pritsker's argument that the defendant owed him a fiduciary duty would impose such duties in all manner of commercial transactions where there are none, and his arguments on that question in his motion for reconsideration are not more convincing (or even substantially different) than they were in his opposition to the motion to dismiss.

      The standard for granting motions for reconsideration is strict: such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for

reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478). None of those grounds is present in this case, and nothing in Pritsker's motion for reconsideration alters my ruling dismissing his claims. That motion, which merely seeks to relitigate issues that have already been decided, is therefore denied.

    So ordered.

Dated at Bridgeport, Connecticut, this 11th day of July 2016.

                                                            /s/ STEFAN R. UNDERHILL
                                                             Stefan R. Underhill
                                                             United States District Judge